**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA

       Plaintiff,

v.                                                                                   Case No. 09-CR-20191

LARRY MELL McCREARY,

       Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION**

Pending before the court is Defendant's "Motion for Reconsideration," filed on

September 22, 2009, in response to the court's September 16, 2009, opinion and order

denying Defendant's motion to suppress.  On September 24, 2009, the court directed

the Government to file a response, which the Government filed on September 30, 2009.

Having reviewed the briefs, the court concludes a hearing on this motion is

unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will

deny Defendant's motion.

**I.  STANDARD**

Eastern District of Michigan Local Rule 7.1 provides that a motion for

reconsideration shall be granted only if the movant can (1) "demonstrate a palpable

defect by which the court and the parties have been misled," and (2) "show that

correcting the defect will result in a different disposition of the case."  E.D. Mich. LR

7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest,

or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing

*United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for

reconsideration that presents "the same issues ruled upon by the court, either expressly

or by reasonable implication," will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski*

*v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II.  DISCUSSION

Defendant first argues, as before, that the search warrant affidavit was devoid of

facts that could support probable cause.  Specifically, Defendant takes issue with the

court's "extensive" reliance on *United States v. Rudolph,* No. 93-2392, 1994 WL 592932

(6th Cir. Oct. 27, 1994), and lists five reasons why *Rudolph* is distinguishable from the

present case.

Initially, it should be clearly noted that even in light of *Rudolph*, the court arrived

only at an "inclination," and did not come to a conclusion that the affidavit was sufficient.

(9/16/09 Order at 8 ("Although the court is inclined to find that the magistrate had a

'substantial basis' for finding probable cause, the court will nevertheless assume that

there was no probable cause . . . .").)  Defendant, therefore, is asking the court to

reconsider a finding it never made.  By assuming that there was no probable cause, the

court in essence agreed with Defendant on this issue and thus any reconsideration of

this issue would not change the disposition of the case.  *See* E.D. Mich. LR 7.1(g)(3).

In any event, the court's analogizing the present case to *Rudolph* did not

constitute a palpable defect.  *See id.*  In *Rudolph*, the officers "observed numerous

individuals walk up to the house, pass currency through a mail slot in the metal-grate

front door, and receive small packages in return."  *Rudolph*, 1994 WL 592932, at *1.  In

the present case, the officers "observed [three individuals] walk up to the side of the

location on the alley side of the dwelling and reach through a vent and place what

appeared to be money and then grab a small item out of the vent and walk away."

(Govt.'s Ex. 1.)  These facts are sufficiently similar that the court analyzing the present

case in reference to how the Sixth Circuit resolved similar facts does not constitute a

palpable defect.  *See* E.D. Mich. LR 7.1(g)(3).

Despite these similarities, the court was well aware that *Rudolph* had factual

differences from the present case, as it stated in its order and opinion:

> The present case is not completely analogous to *Rudolph* though.  In *Rudolph*, the officers actually found drugs on the person that they stopped leaving the house after observing the suspicious transaction.  *Id.* at *1. Here, the affidavit does not state that drugs were found on the woman that the officers stopped, but instead merely alleges a somewhat unreliable statement by the woman that "they were out of cocaine but have marijuana and heroin."  (Govt.'s Ex. 1.)  Thus, the Government's final basis, while possessing some similarities to *Rudolph*, provides less support for a finding of probable cause because here no drugs were actually found.  Another important distinction is that in *Rudolph* the officers were acting on a tip from a reliable informant, whose tip was corroborated by the fact that the electrical service had recently been established at the house.  *Rudolph*, 1994 WL 592932, at *1.  Here, the affidavit does not provide any information about the initial tip or what led the officers to the residence in the first place.  While not fatal, these differences do make the existence of probable cause in the present case "an extremely close call." *Washington*, 380 F.3d at 240.

(9/16/09 Order at 7.)  Accordingly, Defendant's arguments about factual differences

between *Rudolph* and the present case have already been considered by the court and

thus cannot serve as the basis for granting a motion for reconsideration.  *See* E.D.

Mich. LR 7.1(g)(3).  Additional differences noted by Defendant, such as that in *Rudolph*,

there were numerous individuals who approached the house, the officers saw Rudolph's

car in front of the house, and the officers made efforts to determine the occupants of the

house do not change the outcome.  Indeed, these differences further support the court's

conclusion that the affidavit in the instant case presented a much closer case than in

*Rudolph* and demonstrate why the court decided to assume that there was no probable

cause.  Accordingly, the court finds that there was no palpable defect and because it

assumed there was no probable cause, certainly no palpable defect that could alter the

disposition of the case.  *See id.*

Second, Defendant argues, again, that the officers had an insufficient basis upon

which to ground a *Leon* good faith reliance on the legality of the warrant they had

obtained.  In presenting his argument, Defendant asserts that

> The affiant swore to observing the "same transaction" by three different
> people at the Rogers house.  The third person was the only one stopped
> and the affiant simply accepted what was said without conducting any
> search of this person.  If such a search was done, it should have been
> referenced in the affidavit and if it was not done the affiant's statement
> about viewing the same transactions by each person is suspect.  A
> reasonable officer would have ensured that a search of this individual was
> conducted, would have gathered information regarding the person from
> whom this third purchaser obtained her information, and then would have
> included that information in the affidavit, as the officer in *Rudolph* did.

(Def.'s Mot. at 3.)  Defendant's argument, then, insists that the collection of facts within

the officers' knowledge, including their observations, (1) *were sufficient to provide*

*probable cause* to detain and bodily search for evidence of criminal behavior a person

they had seen conducting what they thought was a drug transaction, but (2)

simultaneously *did not amount* to even the most rudimentary factual basis upon which

the officers might reasonably think that the issuing magistrate did his or her job properly

in issuing a warrant that commanded them to search the house in question.  The court

is not convinced.  The affidavit in this case "described first-hand observations of an

experienced officer of highly suspicious behavior for which there is no plausible innocent

explanation." (10/16/09 Order at 10.) This provided enough of an indicia of probable

cause to render the officer's reliance reasonable. *See United States v. Washington*,

380 F.3d 236, 241 (6th Cir. 2004). Accordingly, the *Leon* good-faith exception to the

exclusionary rule applies, and Defendant has not demonstrated a palpable defect. *See*

E.D. Mich. LR 7.1(g)(3).

### III.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Reconsideration" [Dkt. # 21] is

DENIED.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  October 16, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 16, 2009, by electronic and/or ordinary mail.

 s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-20191.MCCREARY.Suppresion.Reconsideration.npk.wpd